RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206
File Name: 10a0391p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

ERICK C. CARTER; WHITNEY A. HAYES-
CARTER; JOSHUA J. GRZECKI,
                     _Plaintiffs-Appellants,_

UNITED STATES OF AMERICA,
                     _Intervenor,_

     _v._

WELLES-BOWEN REALTY, INC.; WELLES
BOWEN TITLE AGENCY, LLC; WELLES
BOWEN INVESTORS, LLC; WELLES BOWEN
MORTGAGE, INC.; THE DANBERRY CO.;
INTEGRITY TITLE AGENCY OF OHIO &
MICHIGAN, LTD.; CHICAGO TITLE INSURANCE
COMPANY; DANBERRY TITLE, LLC,
                     _Defendants-Appellees._

No. 10-3922

Filed:  December 22, 2010

Before:  MARTIN, McKEAGUE, and KETHLEDGE, Circuit Judges.

_____

**ORDER**

_____

In these consolidated actions under the Real Estate Settlement Procedures Act of 1974, the plaintiffs appeal the summary judgment for the defendants.  The United States moves to intervene in the appeal to address two issues: (1) whether a policy statement issued by the United States Department of Housing and Urban Development is unconstitutionally vague; and (2) whether that policy statement is entitled to deference. The plaintiffs support the intervention of the government, and the defendants oppose the motion to intervene.

On appeal, we may grant either intervention of right or permissive intervention. _Ne. Ohio Coal. for Homeless & Serv. Emps. Int'l Union, Local 1199 v. Blackwell_, 467 F.3d 999, 1006 (6th Cir. 2006); _see_ Fed. R. Civ. P. 24(a), (b)(2).  A motion to intervene

must be timely.  The defendants argue that the government's motion is not timely and they are prejudiced by the failure of the government to intervene in the district court. The failure of the government to intervene in the district court does not preclude its intervention on appeal.  *See United States v. Locke*, 529 U.S. 89, 98 (2000).  We find the government's motion to be timely and conclude that its intervention in this appeal will not unduly prejudice the defendants.

In addition, the plaintiffs move to file their appellate brief under seal, stating that it will disclose confidential financial material that is protected by two confidentiality agreements entered into in the district court.  The defendants support the motion to file under seal.

The public has the right "to inspect and copy judicial documents and files."  *In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d 470, 474 (6th Cir. 1983).  Thus, documents filed in the court generally must be made available to the public.  *See Procter & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219, 227 (6th Cir. 1996).  To the extent that the appellate briefs contain confidential financial information, they may be filed under seal.  If the court later determines that the sealed information is not confidential, it may be unsealed.  *See, e.g.*, *Elliot Co. v. Liberty Mut. Ins. Co.*, 2009 WL 750780, at \*9 (6th Cir. 2009) (unpublished) (ordering briefs and other documents unsealed after concluding that the motion to seal "presents no legally sufficient reason for sealing"); *United States v. Green*, 532 F.3d 538, 542 n.2 (6th Cir. 2008), *cert. denied*, 129 S. Ct. 2735 (2009).

The motion to intervene by the United States is **GRANTED**.  The plaintiffs' motion to seal their brief is **GRANTED**, without prejudice to reconsideration should it appear that they have sealed matters that should be made available to the public.  A public version of the brief, redacting the confidential information, must also be filed.

ENTERED BY ORDER OF THE COURT

/s/ Leonard Green

_____

Clerk